Voorhees, J.
This case is submitted on a general demurrer to each defense contained in the separate answer of the Pennsylvania Company and the Cleveland, Akron & Columbus Railway Company to the amended ■ petition.
At a former term, this court held that the amended petition .was sufficient to resist a demurrer, in that it averred that the defendants were' maintaining a certain relief association, the rules and by-laws of which shall require of any person or employee becoming a member thereof to enter into a contract, agreement or stipulation, directly or indirectly, whereby such person or employee shall stipulate to surrender or waive any right or claim, etc:, contrary to the provisions of 'Section 3270, Revised Statutes, as amended, Volume 99 Ohio Laws, pages 71 and 72 (General Code, Section 9010).
The first defense of the Pennsylvania Company to this amended petition, while it admits that it is assisting in maintaining a voluntary relief association, contains a general denial of all the 'averments and allegations of the amended petition in respect to the character of the relief association it is maintaining and assisting in maintaining. So that the demurrer to this defense ‘must be overruled.
The second defense sets forth in detail the incorporation of the defendant, the Pennsylvania Company, under and by virtue of the laws of the state of Pennsylvania; that it is operating railroads as a common carrier through the states of Pennsylvania, Ohio, Indiana, and other states; also, that the Pennsylvania Lines west of Pittsburgh consist of certain companies who *174 have become associated and are engaged as common carriers since the year 1885, operating lines of railroads of the constituent companies; that it maintains and has assisted in maintaining a voluntary relief association made up of employees of the constituent companies, and sets forth in terms the rules and regulations of the voluntary relief department with' respect to waiving any right of damage in the event of injury or death.
It then further avers that all its employees, including all members of the relief association so maintained by it, are employed with reference to conducting and forwarding interstate commerce and business and traffic, and such members are residents of the several states of Pennsylvania, Ohio, Indiana, Illinois, West Virginia and Kentucky. And that the amendment to Section 3270, Revised Statutes (Section 9010, General Code), is in violation of Article I, Section 8, of the Constitution of the United States.
It will be seen by this averment of the answer of the defendant which is admitted by the demurrer, that the employees and members of the relief association so maintained by it were and are engaged in hauling trains and cars in interstate commerce on the associate railroads constituting the constituent companies of the Pennsylvania Lines west of Pittsburgh and their employees are engaged in interstate commerce business.
The Congress of the United States, under the authority of the Constitution to regulate commerce between the states, has undertaken to legislate in respect to this identical matter, and by Section 5 of the act of Congress of April 22, 1908, has defined the rights and liabilities of common carriers by railroads to certain of their employees as follows:
‘ ‘ Section Five. That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void; provided, that in any action brought against any such common carrier under, or by virtue of any of the provisions of this act, such common carrier may set oft; therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person' entitled thereto on account of the injury or death for which said action was brought.”
*175 In the case of Howard v. Railroad Company, 207 U. S., 463, tbe court, in speaking of another act then under review, uses the following language:
“The act, then, being addressed to all common carriers engaged in interstate commerce, and imposing a liability upon them in favor of any of their employees, without qualification or restriction as to the business in which the carriers or their employees may be engaged at the time of the injury, of necessity includes subjects wholly outside ®f the power of Congress to regulate commerce.”
Now the amendment to Section 3270, as passed April 7th, 1908 (Section 9010, General Code), is general in its terms:
“No railroad company now existing, or hereafter created, urn -der and by virtue of the laws of this state, or of any other state or country, and having and operating a line of railway in this state, may establish or maintain or assist in establishing or maintaining any relief association or society,” etc.
'The presumption obtains that the Legislature of the state in the enactment of this amendment intended to enact a law which was not in violation either of the Constitution of the United States or of the state of Ohio.
If a statute is capable of such construction as will be constitutional, then it is the duty of the court to give it such construction in preference to a construction that would bring it within the prohibition of the Constitution. Construing then, this amendment, passed April 7th, 1908, as being constitutional, it would include only such lines of railroad as were not engaged in interstate commerce, and this answer averring that the defendant companies, and each of them, were and are engaged in interstate commerce, and that their employees and members of the voluntary relief association which they are maintaining and assisting in maintaining are engaged in interstate commerce and traffic, the averments contained in the second defense of the defendant’s answer constitute a good defense to the amended petition. And, therefore, we hold that the demurrer to this second defense must be overruled.
*176 The demurrer to. the third defense of the answer of the Pennsylvania Company is sustained.
What has been said in respect to the several defenses of the Pennsylvania Company need not be repeated in respect to the answer of the Cleveland, Akron & Columbus Railway Company. The demurrer to the first defense is overruled. The demurrer to the second defense is overruled. The demurrer to the third defense is sustained. Exceptions on behalf of both parties herein may be entered and the plaintiff may be given sixty days to plead further herein if desired.
Shields, J., and Powell, J., concur.